IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN THE MATTER OF:<br><br>CHRISTOPHER R. SHAFER, SR.,<br><br>      Debtor/Appellant<br>_____<br><br>JUAN RIOS and ELIZABETH RIOS,<br><br>      Plaintiffs/Appellees,<br><br>      v.<br><br>CHRISTOPHER R. SHAFER, SR.,<br><br>      Defendant/Appellant. | HON. JEROME B. SIMANDLE<br><br>Civil Nos. 09-3575 and<br>     09-4254 (JBS)<br><br>[Bankruptcy No. 07-14206 (GMB)<br>Adversary No. 08-1004]<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

    This matter is before the Court upon Appellant Christopher R. Shafer, Sr.'s request for a stay of trial in adversarial bankruptcy proceedings, Bankruptcy No. 07-14206 (GMB), Adversary No. 08-1004, so that the Court may consider his two interlocutory appeals challenging the Bankruptcy Judge's June 24, 2009 Order denying Appellant's requests to strike pleadings as a sanction for failure to provide court-ordered discovery and for summary judgment and the Bankruptcy Judge's July 24, 2009 Order denying Appellant's motion for summary judgment.  The Court has considered the submissions in these matters on an expedited basis, including letter-briefs of Mr. Shafer dated October 8 and 14, 2009, and the Certifications of Robert N. Braverman dated October 12, 2009.  THIS COURT FINDS AS FOLLOWS:

1. This Court may hear interlocutory appeals from the Bankruptcy Court, but only where the Court initially grants leave for such an appeal. 28 U.S.C. § 158(a)(3). Section 158 does not set forth the criteria for granting leave to file interlocutory appeals, but it is now well-established that district courts will apply the standard outlined in 28 U.S.C. § 1292(b). See, e.g., Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm., 321 B.R. 147, 156 (D.N.J. 2005); In re Bertoli, 58 B.R. 992, 995 (D.N.J. 1986); In re Johns-Manville Corp., 39 B.R. 234, 236 (S.D.N.Y. 1984). Pursuant to Section 1292(b), in order to proceed an interlocutory appeal must involve "a controlling question of law as to which there is substantial ground for difference of opinion and [] an immediate appeal from the order may materially advance the ultimate termination of the litigation . . ." 28 U.S.C. § 1292(b); Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978) (interlocutory appeal under Section 1292(b) is limited to cases where "exceptional circumstances" justify a departure from the basic policy of postponing review until entry of a final order).

2. A "controlling question of law" includes any "order which, if erroneous, would be reversible error on final appeal." Katz v. Carte Blanche Corp., 496 F.2d 747, 755 (3d Cir. 1974). Substantial grounds for difference of opinion must be as to the

correctness of the Bankruptcy Court's legal determination.  See id. at 754.

> [M]ere disagreement with the district court's ruling does not constitute a "substantial ground for difference of opinion" within the meaning of § 1292(b). Rather, the "difference of opinion" must arise out of genuine doubt as to the correct legal standard.

Kapossy v. McGraw-Hill, Inc., 942 F. Supp. 996, 1001 (D.N.J. 1996).  The interlocutory appeal cannot involve questions of fact.  Link v. Mercedes-Benz of N. Am., Inc., 550 F.2d 860 (3d Cir. 1977) (en banc); Christy v. Pennsylvania Turnpike Comm., 912 F. Supp. 148 (E.D.Pa. 1996)).

    3.  Appellant does not raise a controlling question of law as to which there is substantial ground for difference of opinion.  Rather, Appellant challenges the discretionary and factual determinations of the Bankruptcy Judge in denying sanctions and summary judgment.  Such challenges are not appropriate for interlocutory appeals.  See Christy, 912 F. Supp. at 148-49 (questions of fact regarding denial of summary judgment not appropriate for interlocutory appeal).  Nor are orders denying sanctions appealable on an interlocutory basis.  Cunningham v. Hamilton County, 527 U.S. 198 (1999).  There is no dispute regarding the proper legal standards governing summary judgment or the denial of sanctions.  It is evident that Appellant is merely expressing disagreement with the Bankruptcy Court's rulings.  It is also clear that the Bankruptcy Judge was

well within her discretion to deny sanctions and to deny summary judgment in view of numerous disputes of material fact. Appellant's discontent does not justify leave to file interlocutory appeals.  The Court hereby denies leave to appeal under 28 U.S.C. § 158(a)(3).

4. Consequently, the Court will deny Appellant's request to stay the trial in the underlying bankruptcy litigation and will dismiss both interlocutory appeals without prejudice to Appellant raising any arguments after final judgment is entered in the bankruptcy proceedings.  Matters such as case management and scheduling of trial remain in the sole discretion of the Bankruptcy Court.

5. Appellant Shafer also seeks reconsideration of this Court's Order which dismissed his appeal in Civil No. 09-3575 (JBS) by Order entered on July 23, 2009 [Civil No. 09-3575, Docket Item 2].  Appellant's reconsideration motion was not filed until September 25, 2009 [id., Docket Item 3].  This motion for reconsideration is denied for two reasons.  First, it is untimely - a motion for reconsideration must be filed within ten (10) business days after the entry of the order or judgment from which reconsideration is sought.  L. Civ. R. 7.1(i).  Second, the order denying defendant Shafer's motion to strike pleadings, from which the underlying appeal was lodged, was a non-appealable order, as

already discussed, and the appeal was properly dismissed in any event.

     6. Appellant Shafer also filed a so-called "Motion for Reconsideration and Appeal" in Civil No. 09-4254 (JBS) on September 29, 2009 [Civil No. 09-4254, Docket Item 3], stating his grounds for relief from the Bankruptcy Court's July 24, 2009 Order. As discussed above, that Order is not appealable on interlocutory appeal at this time, and this motion for reconsideration will likewise be dismissed.

     7. The accompanying Order is entered.


**October 14, 2009**                   s/ Jerome B. Simandle
Date                                JEROME B. SIMANDLE
                                      United States District Judge